UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUS E. BAUMGARDNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SOCIAL SECURITY ADMINISTRATION, et al, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:14-cv-00211-JCM-NJK <br><br> **ORDER** |

Pending before the Court is Plaintiff Gus E. Baumgardner's Amended Complaint. Docket No. 6.

**I.  Procedural History**

On February 7, 2014, Plaintiff submitted a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and a Complaint against the Social Security Administration. Docket No. 1. On March 5, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 2. The Court found that Plaintiff failed to demonstrate in his Complaint that he exhausted his administrative remedies, as required under 42 U.S.C. § 405(g). *Id*., at 2-3. The Court found that, as a result, the Court could not determine whether Plaintiff timely filed his Complaint. *Id*., at 3. The Court therefore dismissed Plaintiff's Complaint, with leave to amend. *Id*., at 4.

On April 1, 2014, Plaintiff filed a motion to extend time to file his Amended Complaint. Docket No. 4. On April 2, 2014, the Court granted Plaintiff's request, and extended the deadline until May 2, 2014. Docket No. 5. On May 2, 2014, Plaintiff filed an Amended Complaint. Docket No. 6.

**II.  Screening the Complaint**

After granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a

complaint under 28 U.S.C. § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether Plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Plaintiff's Amended Complaint appears to challenge a decision by the Social Security Administration ("SSA") denying him disability insurance benefits. Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R §§ 404, 416. In Plaintiff's Amended Complaint, he again fails to allege whether or not he has exhausted his administrative remedies. Plaintiff has attached to his Amended Complaint a letter from the Social Security Administration, dated March 15, 2013. In this letter, the ALJ informed Plaintiff that he had issued an unfavorable decision, and that Plaintiff had the right to appeal his decision with the Appeals Council within 60 days. Docket No. 6, at 3-4. Plaintiff fails to allege whether he filed such an appeal and, if so, the result. *See* Docket No. 6. Therefore, the Court cannot determine whether Plaintiff exhausted his administrative remedies.

Once Plaintiff has exhausted his administrative remedies, he can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *See generally* 20 C.F.R §§ 404, 416. An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id*. The Court cannot, at this point, determine whether, or on what date, Plaintiff exhausted his administrative remedies. Therefore, the Court cannot determine whether Plaintiff timely filed his Amended Complaint. The Court has already given Plaintiff one opportunity to amend his complaint in order to allege whether he has exhausted his administrative remedies and timely filed his Complaint. *See* Docket No. 2. The Court will give Plaintiff one final opportunity to correct the deficiencies as stated in this Order, if he can do so.[1]

Based on the foregoing,

IT IS ORDERED that:

1. The Clerk of Court shall file the Amended Complaint. Docket No. 6.

4. The Amended Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **June 5, 2014**, to file a Second Amended Complaint, if Plaintiff believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint again, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original, or amended, Complaint) in order to make the Second Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint,

---

[1] Additionally, the Complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the SSA and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm*.,169 F.3d 595, 599 (9th Cir. 1999).

the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 5th day of May, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE