# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GUS E. BAUMGARDNER, | )<br>) Case No. 2:14-cv-00211-JCM-NJK |
| Plaintiff, | )<br>) **ORDER** |
| vs. | ) |
| SOCIAL SECURITY ADMINISTRATION, et al, | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Gus E. Baumgardner's Second Amended Complaint. Docket No. 8.

**I.   Procedural History**

On February 7, 2014, Plaintiff submitted a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and a Complaint against the Social Security Administration ("SSA"). Docket No. 1. On March 5, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 2. The Court found that Plaintiff failed to demonstrate in his Complaint that he exhausted his administrative remedies, as required under 42 U.S.C. § 405(g). *Id.*, at 2-3. The Court found that, as a result, the Court could not determine whether Plaintiff timely filed his Complaint. *Id.*, at 3. The Court therefore dismissed Plaintiff's Complaint, with leave to amend. *Id.*, at 4.

On May 2, 2014, Plaintiff filed an Amended Complaint. Docket No. 6. The Court ruled that Plaintiff once again failed to demonstrate in his Amended Complaint that he exhausted his administrative remedies. Docket No. 7, at 2-3. Accordingly, the Court could not determine whether Plaintiff timely filed his Amended Complaint. *Id.*, at 3. The Court dismissed Plaintiff's Amended Complaint, once again with leave to amend. *Id.*, at 3. On June 5, 2014, Plaintiff filed a Second Amended Complaint. Docket No. 8.

## II.     Screening the Complaint

After granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether Plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Plaintiff's Second Amended Complaint challenges a decision by the SSA denying him disability insurance benefits. Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curiam*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R §§ 404, 416.

Plaintiff has attached to his Second Amended Complaint a letter from the SSA, dated October 21, 2013. Docket No. 8, at 21-24. In this letter, the Appeals Officer informed Plaintiff that the Appeals

//

//

//

2

Council found no reason to review the ALJ's decision of March 15, 2013,[1] which denied Plaintiff's claim for disability benefits. *Id*., at 21.  The Appeals Officer further stated that Plaintiff had 60 days to file a civil action in United States District Court should Plaintiff choose to ask for court review of the Appeals Council's decision. *Id*., at 22-23; *see also* 20 C.F.R §§ 404, 416.  Plaintiff has thus demonstrated that he exhausted his administrative remedies in accordance with 42 U.S.C. § 405(g).[2]

Given that the Appeals Council issued its initial decision denying further review of the ALJ 's decision on October 21, 2013, Plaintiff would ordinarily have been required to file his Complaint prior to December 21, 2013.  Plaintiff has attached an additional letter from the SSA, however, dated May 28, 2014, which addresses this potential bar to suit.  In that letter, the Appeals Council stated that it had extended the time within which Plaintiff may file a civil action for another 30 days after receipt of the letter. Docket No. 8, at 25-26.  Accordingly, Plaintiff has also demonstrated that he has not run afoul of the requirement that he file his civil action within 60 days of the Appeals Council's denial of review of the ALJ's decision. Based on the foregoing,

IT IS ORDERED that:

1. The Clerk of Court shall file the Second Amended Complaint.
2. The Clerk of Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: 1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

---

[1] The ALJ's decision is attached to the Second Amended Complaint. Docket No. 8, at 9-20.

[2] In its Order of May 5, 2014, the Court instructed that, in addition to demonstrating that Plaintiff had exhausted his administrative remedies, the "Complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and identify[] the nature of Plaintiff's disagreement with the determination made by the SSA and show that Plaintiff is entitled to relief." Docket No. 7, at 3 n.1.  Plaintiff has complied with the Court's directives in this regard.  *See* Docket No. 8, at 1-8.

3. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

4. Defendant shall have sixty (60) days from the date of service to file its answer or responsive pleading to Plaintiff's Complaint in this case.

5. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

Dated this 10th day of June, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge