**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GUS E. BAUMGARDNER, | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-00211-JCM-NJK |
| vs. | ) | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant(s). | ) | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Gus Baumgardner's application for disability insurance benefits and supplemental security income pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal. Docket No. 21. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 22, 23. No reply was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**I.    STANDARDS**

    A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

. . .

. . .

### B.     Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. §§ 404.1514, 416.914. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and to have performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On November 17, 2010, Plaintiff filed an application for disability insurance benefits and supplemental security income alleging that he became disabled on October 14, 2010. *See, e.g.*, Administrative Record ("A.R."), at 198-212. His claims were denied initially on February 28, 2011, and upon reconsideration on November 15, 2011. A.R., at 145-49, 153-58. On January 11, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R., at 159. On November 28, 2012, Plaintiff, his attorney Jonathan Hendricks, and vocational expert Gerald Davis appeared for a hearing before ALJ Barry Jenkins. *See* A.R., at 65-140. On March 15, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from October 14, 2010, through the date of his decision. A.R., at 35-53. The ALJ's

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 21, 2013.  A.R., at 19-22.

On February 7, 2014, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1-1 (complaint).   Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted.  Docket No. 2.

B. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on March 15, 2013.  A.R., at 35-53.  At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2013, and has not engaged in substantial gainful activity since October 14, 2010.  A.R., at 40.  At step two, the ALJ found that Plaintiff has the following severe impairment: disorders of the back.  A.R., at 40-42.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R., at 42.

The ALJ found that Plaintiff had the residual functional capacity for light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that the claimant: could never climb ropes/scaffolds/ladders; could occasionally perform all postural maneuvers; and must avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery.  A.R., at 42-47.  At step four, the ALJ found Plaintiff able to perform his past relevant work as a house manager based on the vocational expert's testimony.  A.R., at 47.  Although the ALJ found that Plaintiff was able to perform past relevant work, the ALJ also made alternative findings at step five.  A.R., at 47-48.

At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity.  A.R., at 47-48.  The ALJ defined Plaintiff as a younger individual aged 18-49 on the alleged onset date, with a limited education, able to communicate in English, and found that the transferability of job skills is not material to the determination of disability.  A.R., at 47.  The ALJ considered Medical Vocational Rule 202.18, which provides a framework for finding Plaintiff not disabled, along with vocational expert

testimony that an individual with the same residual functional capacity and vocational factors, at a light exertion level, could perform work as a security guard, cashier, ticket taker, officer worker, and parking lot attendant. A.R., at 48. At a sedentary exertion level, an individual with the same residual functional capacity and vocational factors could perform work as an information clerk, surveillance system monitor, and order clerk. A.R., at 48. If an individual with the same residual functional capacity and vocational factors had a sit/stand option, the ALJ found that the individual could perform all of the aforementioned jobs at a sedentary exertion level, each with a 20% erosion of the job base, and perform work as a house manager, Plaintiff's past relevant work.[2] A.R., at 48. Based on all of these findings, the ALJ found Plaintiff not disabled and denied his application for disability insurance benefits and supplemental security income. A.R., at 49.

### III.   ANALYSIS AND FINDINGS

Plaintiff seeks reversal of the ALJ's decision on the ground that the ALJ improperly relied on the initial opinion of Dr. Sherman (consultive examiner) "without the benefit of any objective test results."[3] Docket No. 21, at 5. Plaintiff's position challenges the ALJ's treatment of the reports of Dr. Sherman as well as whether substantial evidence existed supporting the ALJ's determination. Plaintiff further challenges the ALJ's treatment of the reports of his treating physicians, Dr. Martinez and Dr. Wangsuwana.[4] The Court addresses each issue below in turn.

---

[2] The ALJ specifically noted that he did not find sufficient evidence to support a sit/stand option. A.R., at 48.

[3] Plaintiff notes that the Commissioner submitted the electronic courtesy copy of the administrative record one day late and not in a searchable format. Docket No. 21, at 1-2. Plaintiff argues that he was harmed by the Commissioner's failure because it did not allow him to "cut-and-paste information from the documents contained, making the preparation of [his] Motion considerably more labor-intensive and susceptible to error." *Id.*, at 2. However, this is not a reason to reverse the decision of the ALJ. *See* 42 U.S.C. § 405(g).

[4] Plaintiff further mentions "diagnoses" from Dr. Chin and Dr. Akbar. Docket No. 21, at 4-5. However, Plaintiff fails to pin point any findings by Dr. Chin or Dr. Akbar that were rejected by the ALJ or how these "diagnoses" demonstrate that the ALJ's decision was not supported by substantial evidence in the record as a whole. Upon the Court's review of the record as a whole, the Court fails to discern any findings of either doctor that the ALJ rejected. *See id*; *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (holding that the Court must uphold the Commissioner's decision denying benefits if the Commissioner

### A. Dr. Sherman

Plaintiff first argues that the ALJ improperly relied on Dr. Sherman's initial report in assessing Plaintiff an RFC to perform light work with occasional postural limitation. Plaintiff argues that Dr. Sherman's assessment was not supported by the objective medical evidence.[5] Docket No. 21, at 2-3.

The Commissioner counters that Dr. Sherman's opinions were the most consistent with the record, which demonstrated that Plaintiff could work, and constitute substantial evidence. Docket No. 22, at 3-9. In supporting its position, the Commissioner contends that Dr. Sherman based his opinion on the results of the orthopedic examination he personally performed as well as review of x-rays of Plaintiff's lumbar, cervical, and thoracic spine. Docket No. 22, at 4. The Commissioner also argues that the ALJ's RFC finding was corroborated by State agency physician Dr. Dhaliwal, a state agency medical consultant, who reviewed Plaintiff's medical record and concurred with Dr. Sherman's initial assessment for light work with some postural limitations. *Id.*, at 6. The Commissioner notes that Dr. Sherman observed that Plaintiff was "well-muscled," did not need a cane to ambulate in the office, and was "manipulative." *Id.*, at 5. Based on these clinical findings and a review of the x-rays of Plaintiff's spine, Dr. Sherman concluded that Plaintiff: was able to sit, stand, and walk for six hours in an eight-hour workday; did not require a brace, cane, or assistive device to ambulate; could lift 10 pounds; occasionally lift 20 pounds; and occasionally perform postural activities. *Id.*, at 5.

Dr. Sherman's initial opinion constitutes substantial evidence in support of the ALJ's RFC assessment because Dr. Sherman is an examining physician. The Ninth Circuit has consistently held that an examining physician's opinions alone serve as substantial evidence because they rest on the

---

applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision).

[5] Plaintiff additionally contends that the ALJ dismissed a subsequent diagnosis from Dr. Sherman "that was not favorable to their preordained decision." Docket No. 21, at 5. Despite Plaintiff's allegation to the contrary, the ALJ accepted the more restrictive limitations that Dr. Sherman assessed in determining that Plaintiff had the residual functional capacity to perform light work with occasional postural limitations. A.R., at 45. In Dr. Sherman's second assessment of Plaintiff, Dr. Sherman opined that Plaintiff could lift 25 pounds frequently and lift 50 pounds occasionally. A.R., at 320. In comparison, at the first consultation Dr. Sherman opined that Plaintiff could lift 10 pounds frequently and lift 25 pounds occasionally. A.R., at 288. The ALJ, therefore, accepted the diagnosis that was more favorable to Plaintiff's contentions.

physician's independent examination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Further, "the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), as amended (Aug. 12, 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995)). Here, Dr. Sherman's opinion was supported by the opinion of Dr. Dhaliwal, which in turn was based on Plaintiff's medical record. The essence of these opinions was that Plaintiff had the residual functional capacity to perform light work with occasional postural limitations, which controverted the rejected opinions of Dr. Wangsuwana and Dr. Martinez.

Plaintiff contends that Dr. Sherman's initial assessment is contradicted by the MRI from 12/21/2010 and asserts that the ALJ "made no reference" to the MRI. Docket No. 21, at 3. It appears, however, that a misunderstanding exists, because the ALJ specifically considered and detailed the findings of a CT scan from 12/21/2010 in his decision. A.R., at 43. Thus, given that the ALJ expressly discussed the CT scan from 12/21/2010, the Court finds Plaintiff's position unconvincing. As such, the Court agrees with the Commissioner that these doctors' reports constitute substantial evidence supporting the ALJ's RFC determination. *See* 20 C.F.R. § 416.927(c)(3), (4) (weight afforded medical opinion depends on how well-supported they are and how consistent they are with the other evidence in the record); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002) ("[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). The Court will now address the ALJ's treatment of Dr. Wangsuwana and Dr. Martinez's opinions.

B.   Dr. Martinez and Dr. Wangsuwana

The ALJ rejected the opinions of Dr. Martinez and Dr. Wangsuwana. Plaintiff notes that Dr. Martinez found that he had a "total permanent medical disability," was unable to work for his "lifetime," and needed a cane. Docket No. 21, at 4-5; A.R., at 368. Plaintiff also argues that Dr. Wangsuwana found that Plaintiff did not have a permanent disability and that Plaintiff could likely return to work in 1 to 2 years. Docket No. 21, at 5; A.R., at 369. Plaintiff challenges the ALJ's treatment of Dr. Martinez's opinion and argues that the ALJ improperly rejected Dr. Martinez and Dr. Wangsuwana's opinion that

Plaintiff is disabled. The Commissioner responds to this argument by asserting that the ALJ properly rejected the conclusory and unsupported opinions of Dr. Martinez and Dr. Wangsuwana.

The Ninth Circuit has consistently held that "questions of credibility and resolution of conflicts in the testimony are functions solely of the [ALJ]." *Allen v. Heckler*, 749 F.2d 577, 580 n. 1 (9th Cir.1985) (quotations omitted). As such, "[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes*, 881 F.2d at 750. There are three types of physicians who render medical opinions in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the ALJ should give more weight to the opinion of a treating physician than to the opinion of a nontreating physician. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (citing *Lester*, 81 F.3d at 830–31). However, the case law in this district is clear that the ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusory and brief and is unsupported by clinical findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Thomas*, 278 F.3d at 957. Additionally, if the treating or examining doctor's medical opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate" reasons for rejecting that medical opinion, which must be supported by substantial evidence in the record. *Lester*, 81 F.3d at 830–31. "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (modification in original) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The Commissioner argues that the ALJ properly rejected the opinions of Dr. Martinez and Dr. Wangsuwana as lacking specificity and unsupported by the objective evidence. Docket No. 22, at 9; A.R., at 46. The ALJ found that the opinions by Dr. Martinez and Dr. Wangsuwana were conflicting and stated that they had been "discounted in [their] entirety." A.R., at 46. Additionally, the ALJ noted that Dr. Martinez's December 7, 2012, opinion that Plaintiff should be on work restrictions of rest for fifteen minutes per hour "lacked specificity regarding his functional limitation and was not supported by the objective evidence." A.R., at 46. The ALJ noted evidence in the record of Plaintiff's

medications, which the record indicates generally have mild side effects and would not interfere with Plaintiff's ability to work in any significant manner. A.R., at 46. The ALJ also noted that Plaintiff's actual activities "were incongruous with his contention that he could not work." A.R., at 46. Plaintiff could perform almost all of his daily activities, which the ALJ found significantly reduced his credibility "as far as the impact of his alleged impairments on his daily living." A.R., at 46. In addition, Plaintiff testified that he tries to climb with a repelling rope and harness once a week at Red Rock Canyon. A.R., at 102. Further, Plaintiff's condition was not totally disabling as evidenced by the lack of more serious treatment or earlier prescription for a cane. A.R., at 134 (discussing that Plaintiff was not prescribed a cane at the time of the administrative hearing).

The record evidence is consistent with the opinions of Dr. Sherman and Dr. Dhaliwal. The ALJ complied with *Magallanes* and provided specific and legitimate reasons for rejecting Dr. Martinez and Dr. Wangsuwana's opinions that are supported by the substantial evidence in the entire record. Accordingly, the ALJ did not err in rejecting Dr. Martinez and Dr. Wangsuwana's opinions.

### IV.   CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal (Docket No. 21) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 22) be **GRANTED**.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: June 4, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge