UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUS E. BAUMGARDNER,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-211 JCM (NJK)<br><br>ORDER |

Presently before the court are Magistrate Judge Nancy Koppe's report and recommendation. (Doc. # 24). *Pro se* plaintiff Gus Baumgardner filed objections to the report and recommendation (doc. # 27), and defendant Carolyn Colvin, Commissioner of Social Security, filed a response to the objections. (Doc. # 29).

This case arises from the disputed denial of a claim for disability benefits by the Social Security Administration ("SSA"). Mr. Baumgardner filed an application for disability insurance benefits and supplemental security income on November 17, 2010. (Doc. # 24 at 5). Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), and, on November 28, 2012, plaintiff and his attorney appeared for a hearing before ALJ Barry Jenkins. (*Id.*)

Judge Jenkins issued an unfavorable decision, finding that Mr. Baumgardner had not been under disability, as defined by the Social Security Act, from October 14, 2010, through the date of his decision. (*Id.*) The ALJ's decision became the final decision of the commissioner of the SSA when the appeals council denied plaintiff's request for review on October 21, 2013. (*Id.*)

On February 7, 2014, Mr. Baumgardner commenced this action by filing a complaint for judicial review of a final decision by the commissioner of social security, requesting that the court

**James C. Mahan**
**U.S. District Judge**

review the ALJ's decision in the matter. (Doc. # 3).[1] Plaintiff filed a motion for reversal. (Doc. # 21). The commissioner defendant filed a response in opposition and a cross-motion to affirm. (Doc. ## 22, 23). Plaintiff did not file a reply or a response to the cross-motion.

The action was referred by the undersigned district judge to Judge Koppe for a report and recommendation under 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4. After conducting an extensive review of plaintiff's arguments and the administrative record before her, Judge Koppe found that the ALJ's final decision was free from legal error and supported by substantial evidence. She therefore recommends that plaintiff's motion for reversal be denied and defendant's cross-motion to affirm be granted.

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. LR IB 3-2(a). Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen days after service of the motion. LR 7-2.

Plaintiff filed a one-page objection to Judge Koppe's report and recommendation. (Doc. # 27). Mr. Baumgardner did not actually object, however, to any of the specific findings or recommendations of Judge Koppe. (*See id.*) Instead, he indicates that he has been approved for surgeries that will allow him to return to work, but that the surgeries will take some time. (*Id.*) He argues that he cannot return to his work in rock climbing until those surgeries are completed. (*Id.*) Plaintiff therefore requests that Judge Koppe's report and recommendation be suspended until that time. (*Id.*)

The commissioner argues that the fact that the surgeries occurred or were recommended after the ALJ issued his decision renders them irrelevant to the review of the commissioner's final decision. (Doc. # 29 at 2). Under 42 U.S.C. § 405(g), a court may remand based on evidence that

---

[1] Plaintiff filed an application for leave to appear *in forma pauperis* (doc. # 1), which the court granted. (Doc. # 2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

was not before the ALJ only if it is material and there is good cause for its late submission. To be material, the evidence must relate to the period under the ALJ's consideration, here October 14, 2010, to March 15, 2013. *See Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (evidence of disability must be proven by contemporaneous medical records); *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511-12 (9th Cir. 1987) (evidence that indicates deterioration of claimant's condition after the hearing "would be material to a new application, but not probative of his condition at the hearing").

The court agrees with defendant that any new evidence of surgeries is not appropriately before this court on review of the commissioner's final decision. *See, e.g.*, *Sanchez*, 812 F.2d at 511–12. As stated above, this argument is not an objection to any of Judge Koppe's findings or her ultimate recommendation.

Defendant has not asserted any actual objection to Judge' Koppe's report and recommendation. The court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate judge's findings in full. Judge Koppe conducted an extensive review of the evidence and administrative record as a whole. She found that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error.

The court therefore finds that good cause appears to ADOPT Judge Koppe's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe, (doc. # 24), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion for reversal or remand, (doc. # 21), be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that defendant's cross-motion to affirm, (doc. # 22), be, and the same hereby is, GRANTED. The clerk is instructed to enter judgment accordingly and close the case.

DATED February 1, 2016.

_____
UNITED STATES DISTRICT JUDGE